IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| SARAH MCALINN & STEVE MCALINN, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CIVIL ACTION NO. _____ |
| GM PROTECTIONS, LLC, | ) ) ) |
| Defendant. | ) ) ) |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant GM Protections, LLC ("GMP" or "Defendant"), hereby gives notice, with full reservation of any and all defenses and claims, of removal of this civil action from the District Court of Buncombe County, North Carolina, Case No. 25-CV-000220-100, to the United States District Court for the Western District of North Carolina, Asheville Division. In support of this removal, Defendant states as follows:

### BACKGROUND

1. Plaintiffs filed this action in the District Court of Buncombe County, North Carolina, Case No. 25-CV-000220-100, on January 12, 2025 (the "State Court Acton").

2. On January 16, 2025, a copy of the Summons and Complaint was delivered to GMP via certified mail.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the pleadings, processes, and orders received by GMP in the State Court Action is attached hereto as **Exhibit 1**.

4. The Complaint could have originally been filed in this Court pursuant to 28 U.S.C. §§ 1331 and 1332, as the Complaint asserts claims arising under federal law and the requirements

1

for diversity jurisdiction are met, namely there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

5. Therefore, this action is removable under 28 U.S.C. § 1441.

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332**

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending[.]"

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship among the parties; (2) the amount in controversy for the Complaint exceeds $75,000; and (3) GMP is not a citizen of North Carolina for the purposes of diversity jurisdiction, but Plaintiffs are.

**A. Complete Diversity Exists Between the Parties.**

8. Plaintiffs admit that they are residents of Buncombe County, North Carolina. *See* Ex. 1, Complaint, at ¶ 4. Plaintiffs are thus citizens of North Carolina for diversity jurisdiction purposes.

9. GMP is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona. As a limited liability company, the citizenship of GMP for diversity purposes is determined based on the citizenship of all of its members. *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The sole member of GMP is General Motors Financial Company, Inc., which is a Texas corporation with its principal place of business in Texas. Because a corporation is deemed a citizen of the state where it is incorporated and the state where it has its principal place of business, General Motors Financial Company, Inc.

is a citizen of Texas for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005). By extension, then, GMP is also deemed a citizen of Texas for diversity purposes.

10. There are no other parties to this action. Thus, because Plaintiffs are citizens of North Carolina and GMP is not, complete diversity of citizenship exists between the parties, and removal is proper pursuant to 28 U.S.C. § 1332.

**B. The Amount in Controversy Exceeds $75,000.**

11. For federal diversity jurisdiction to exist, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

12. As detailed further below, while the actual amount in controversy is not explicitly stated in the Complaint[1], based on the allegations therein, it is clear that the amount at stake in this litigation exceeds $75,000.00.

13. When a plaintiff's complaint does not specify damages, a court may consider "any evidence of the amount in controversy." *Decker v. USAA Cas. Ins. Co.*, 683 F. Supp. 3d 488, 493 (M.D.N.C. 2023); *Dash v. FirstPlus Home Loan Owner Tr. 1996-2*, 248 F. Supp. 2d 489, 499 (M.D.N.C. 2003) ("[T]he Court may consider, 'in addition to plaintiff's Complaint, the removal petition and an affidavit filed by the defendant, both of which assert that the $[75],000 threshold is present.'"); *Cannon v. AutoMoney, Inc.*, 2020 WL 3105183, at *3 (M.D.N.C. May 12, 2020), report and recommendation adopted, 2020 WL 3104352 (M.D.N.C. June 11, 2020) ("If the amount in controversy is unclear on the face of the complaint, including where the state practice does not

---

[1] North Carolina law does not require a plaintiff to state an exact monetary amount in their demand for judgment. *See, generally, Lee Elec. Constr. Inc., v. Eagle Elec., LLC*, 2003 WL 21369256 (M.D.N.C. June 10, 2003) (noting that in North Carolina "a plaintiff can plead for judgment in excess of a certain dollar amount," but is not required to "state an exact monetary amount[,]" "making it difficult to determine the exact amount in controversy [.]")

3

permit a demand for a specific sum or permits recovery of amounts in excess of the specified sum, the defendant may assert the amount in controversy in the Notice of Removal.").

14. Further, pursuant to 28 U.S.C. § 1446, the notice of removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c).

15. In the State Court Action, Plaintiffs allege that they agreed to pay $34,985.20 in exchange for an automobile with an extended warranty. *See* Ex. 1, Complaint, at ¶ 5. Moreover, Plaintiffs also allege violations of the North Carolina Unfair or Deceptive Acts or Practices Act and seek an award of "treble damages and reasonably attorneys' fees pursuant to N.C.G.S. § 75-16 and 75-16.1" as a result of the same. *See id.* at ¶ 23. Plaintiffs further seek consequential, incidental, and actual damages, as well as costs and expenses incurred in bringing this suit. *See id.* at p. 6.

16. The value of vehicle at issue in this case is alleged to be $34,985.20. Trebling this amount establishes that the amount in controversy in this action exceeds $75,000.00, exclusive of interests and costs. *See R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available to [the Plaintiff.]"); *Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, No. 1:19CV210, 2019 WL 2992219 (M.D.N.C. July 9, 2019) ("Treble damages and punitive damages are generally

4

Case 1:25-cv-00053-MR-WCM    Document 1    Filed 02/14/25    Page 4 of 7

included within the amount in controversy when the plaintiff is permitted to recover those damages under applicable law.").

17. Further, Plaintiffs seek reasonable attorneys' fees pursuant to *N.C. Code* §§ 75-16 and 75-16.1. Because an award of attorneys' fees is provided for by North Carolina statute, that amount, too, must be considered when evaluating the amount in controversy in this action. *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) (including attorney's fees in the amount in controversy calculation when they are expressly provided for by a statute). To that end, taking this case through trial could easily require at least one-hundred attorney hours. At $450 per hour, that results in attorneys' fees in excess of $45,000.

18. As a result, when combining the above damages sought by Plaintiffs, the value of the relief sought in the Complaint far exceeds the amount in controversy requirement of $75,000, and removal is proper. 28 U.S.C. § 1332(a).

19. Accordingly, this Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (1) there is complete diversity between the parties; (2) the amount in controversy exceeds the $75,000 jurisdictional threshold; and (3) GMP is not a citizen of North Carolina, but Plaintiffs are.

**REMOVAL IS PROCEDURALLY PROPER**

20. Venue for removal is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace the District Court of Buncombe County, North Carolina, the forum in which the removed State Court Action was pending. 28 U.S.C. § 113(c).

21. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing, with a copy of this Notice of Removal will be promptly filed with the Clerk of the District Court of Buncombe County, North Carolina, and served upon counsel for Plaintiffs. A true and correct copy of the filed Notice of

5

Filing (without exhibits) will be promptly filed as a supplemental exhibit to this Notice of Removal.

22. This Notice of Removal is timely filed within thirty (30) days of service pursuant to the statutory removal period set forth under 28 U.S.C. § 1446(b).

23. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of GMP's right to assert any defense or affirmative matter, whether pursuant to FED. R. CIV. P. 8(c), FED. R. CIV. P. 12, or otherwise, including, but not limited to, the defenses of failure to state a claim upon which relief can be granted, lack of personal jurisdiction, the existence of a binding and compulsory arbitration provision, or other defenses.

24. In the event that Plaintiffs seek to remand this case, or the Court considers remand *sua sponte*, GMP respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary

WHEREFORE, for the foregoing reasons, Defendant GM Protections, LLC respectfully requests that the above-styled action now pending in the District Court of Buncombe County, North Carolina, Case No. 25-CV-000220-100, be removed to the United States District Court for the Western District of North Carolina (Asheville Division), and that the Court assume jurisdiction of this action, granting such other relief as the court deems necessary and just.

Dated: February 14, 2025

Respectfully Submitted,
**GM PROTECTIONS, LLC**,
*By Counsel*

**/s/ *Colin T. Dean***
Colin T. Dean (NC Bar No. 50090)
MCGLINCHEY STAFFORD PLLC
505 20th St N, Suite 800
Birmingham, AL 35203
Tel: (205) 725-6406
cdean@mcglinchey.com
*Counsel for GM Protections, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2025, the foregoing Notice of Removal was filed via the CM/ECF system, which will send out a notification of filing thereof to all counsel of record in this matter.

/s/ *Colin T. Dean*
Colin T. Dean (NC Bar No. 50090)
OF COUNSEL